IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMIKA J. PLEDGER,

    Plaintiff,

    v.                                                  Case No. 16-2770-JAR-GLR

JUDGE MICHAEL A RUSSELL,

    Defendant.

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

The matter before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (ECF 3). The motion includes an affidavit, showing that Plaintiff is unemployed and has four dependents. She has zero cash on hand. She owns one car and a house. She receives child support, but does indicate the amount.[1] It is difficult to ascertain the amount of her monthly expenses, because she indicates nothing as to gas, electric, cable, and water, but nevertheless owes the respective utility company. Despite these insufficiencies, the Court grants Plaintiff leave to proceed without

---

[1] She appears to receive $445 per month, but the number is scratched out and thus hard to read. (*See* ECF 3-1 at 5.)

prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1).  As a result, her Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the case, if it fails to state a claim on which relief may be granted.

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2]  Because Plaintiff proceeds pro se, her pleadings are liberally construed.[3]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[4]

Plaintiff Tamika J. Pledger, proceeding pro se, filed a Complaint (ECF 1), alleging that Defendant Michael A. Russell, a state court judge, is biased against her and has committed, or has conspired to commit, fraud and false imprisonment.  Specifically, Judge Russell appointed several attorneys to represent her in a criminal case for involuntary manslaughter.  But she states that, because these attorneys "worked under his leadership," they were not working to advance her interests.  (*See generally* ECF 1 at 7-8.)  She requests monetary damages, dismissal of her criminal case, sanctions, and Judge Russell's removal from the bench and withdrawal of her license to practice law.

Plaintiff's claims fail for several reasons.  First, Judge Russell is entitled to absolute immunity.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  Judges are absolutely immune, so long as their acts are within the scope of immunity.  *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1189 (10th Cir. 2008).  "The Supreme Court of the United States has

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

2

long held that judges are generally immune from suits for money damages." *Id.* at 1195 (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).  Moreover, possible liability applies only when a judge has acted with a "clear absence of jurisdiction"—even in cases of bias.[5]  In this case Plaintiff offers no evidence that Judge Russell acted in a judicial capacity with a clear absence of jurisdiction.  Nor does she claim he acted in a non-judicial capacity.

Second, the Court lacks subject matter jurisdiction.  Plaintiff's stated bases for federal jurisdiction are 28 U.S.C. §§ 455(a) and (b), 144, 453, and 2680, as well as the Eighth Amendment.  However, these statutory bases apply to *federal* judges, not state judges.  Plaintiff's reliance on the Eighth Amendment fails because she shows no evidence of any violation of the Eighth Amendment.  Indeed, Plaintiff mentions the Eighth Amendment only in the basis for jurisdiction section of the Complaint.  Plaintiff has simply shown no basis for federal jurisdiction.  Her remaining claim for violations of the Kansas Consumer Protection Act is a state law claim, for which this Court should decline to exercise supplemental jurisdiction.

Third, Plaintiff fails to state a claim as a general matter.  She has provided nothing to indicate that Judge Russell is biased against her.  She has not nudged her claim from possible to the plausible as required by *Twombly*.  In fact, some of the attachments to her Complaint undercut her claims.  For instance, she filed an ethics complaint with the State of Kansas Commission on Judicial Qualifications.  That commission dismissed her complaint against not just one but *four* district judges (including Judge Russell), stating she offered no facts establishing reasonable cause to support a finding that the Code of Judicial Conduct had been

---

[5] *See Chrzanowski v. Assad*, 275 Fed. App'x. 661 (9th Cir. 2008); *see also* § 3573.3Section 1983 Actions—Defenses: Official Immunity and Res Judicata, 13D Fed. Prac. & Proc. Juris. § 3573.3 (3d ed.) ("This immunity attaches even if the judge was wrong or unreasonable or even corrupt—just so the judge was performing a judicial function when he acted.")

violated.  Moreover, Plaintiff attached the State of Kansas's response to one of her state court filings (ECF 1-9).  Although the State's response was in an adversarial proceeding, the document provides ample evidence that Judge Russell was not biased against her.  It appears to this Court that Judge Russell was consistently fair and considerate of Plaintiff.

## RECOMMENDATION

For these reasons the undersigned magistrate judge recommends that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), the Court summarily dismiss this action without prejudice for lack of jurisdiction and/or for failure to state a claim.

Dated December 7, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

4