IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMIKA J. PLEDGER,

      Plaintiff,

      v.                          Case No. 16-2770-JAR

JUDGE MICHAEL A. RUSSELL,

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff Tamika J. Pledger filed this matter *pro se* on November 16, 2016, alleging that

Defendant Michael A. Russel, a state court judge, is biased against her and has committed, or has

conspired to commit, fraud and false imprisonment.  Specifically, first, Plaintiff alleges

Defendant appointed several attorneys to represent her in a criminal case for involuntary

manslaughter.  She states that, because these attorneys "worked under [Defendant's] leadership,"

they were not working to advance her interest.  Second, she alleges Defendant falsely imprisoned

her after she was remanded into custody for failing to make bond because he was retaliating

against her for filing an ethics complaint against him.  Third, she alleges that the Affidavit for

Application of Arrest Warrant was not signed by Defendant, so he had no jurisdiction to proceed

with the criminal trial.  Fourth, she alleges that Defendant ordered a competency evaluation to

persuade public opinion and prohibit her from proceeding *pro se* in her criminal case.  In a

Report and Recommendation filed on December 7, 2016 (Doc. 5), Magistrate Judge Gerald L.

Rushfelt recommended that the case be dismissed.  This matter is currently before the Court

upon Plaintiff's filing of Objections to the Report and Recommendation on December 21, 2016

(Doc. 9).  As will be discussed more fully below, the Court adopts the Report and

Recommendation and dismisses the case.

1

## I.     Legal Standard

The standard the Court must employ when reviewing objections to a report and

recommendation can be found in 28 U.S.C. § 636(b)(1), which provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made.  A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.[1]

The Tenth Circuit requires that objections to a magistrate judge's recommended

disposition "be both timely and specific to preserve an issue for de novo review by the district

court. . . ."[2]  An objection is timely if it is made within 14 days after service of a copy of the

recommended disposition.[3]  An objection is sufficiently specific if it "focus[es] the district

court's attention on the factual and legal issues that are truly in dispute."[4]  If a party fails to make

a proper objection, the court has considerable discretion to review the recommendation under

any standard that it finds appropriate.[5]

Because Plaintiff proceeds *pro se*, the Court construes her pleadings liberally.[6]  However,

the Court does not assume the role of her advocate.[7]  Also, Plaintiff's *pro se* status does not

excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could

---

[1] 28 U.S.C. § 636(b)(1).

[2] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Adkins v. Koduri*, No. 16-4134, 2016 WL 5745550, at *1 (D. Kan. Oct. 3, 2016).

[3] Fed. R. Civ. P. 72(b)(2).

[4] *One Parcel of Real Prop.*, 73 F.3d at 1060; *Adkins*, 2016 WL 5745550 at *1.

[5] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

be based."[8]  Plaintiff is not relieved from complying with the rules of the court or facing the

consequences of noncompliance.[9]

## II.     Discussion

Judge Rushfelt recommended dismissal based on three grounds: (1) Defendant is entitled

to absolute immunity, (2) the Court lacks subject matter jurisdiction, and (3) the Complaint fails

to state a claim.  The Court agrees with Judge Rushfelt that all three grounds warrant dismissal.

First, Defendant is entitled to absolute immunity.[10]  In *Stump v. Sparkman*,[11] the Supreme

Court stated that a judge is entitled to judicial immunity if he has not acted in clear absence of all

jurisdiction and if the act was a judicial one.  An act is judicial if it is a function normally

performed by a judge and the parties dealt with the judge in his judicial capacity.[12]  A judge acts

in complete absence of jurisdiction "[w]here there is clearly no jurisdiction over the subject-

matter any authority exercised is a usurped authority, and for the exercise of such authority,

when the want of jurisdiction is known, no excuse is permissible."[13]  Defendant had jurisdiction

to proceed with the criminal case against Plaintiff in state court.[14]  While Plaintiff alleges

Defendant did not have jurisdiction because a notary signed the Affidavit for Application for

Arrest Warrant instead of him, this is not the case.  The Affidavit for Application for Arrest

Warrant is allowed to be signed by a notary so long as the arrest warrant itself is signed by the

---

[8] *Id.*

[9] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[10] 28 U.S.C. § 1915(e)(2)(B)(iii).

[11] 435 U.S. 349, 359 (1978).

[12] *Id.* at 362.  *See also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

[13] *Stump*, 435 U.S. at 356 n.6 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351–52 (1871)).

[14] *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195–96 (10th Cir. 2008) ("[A] court invested with jurisdiction over the subject matter in question does not act in the clear absence of all jurisdiction.").

judge.[15]  There is no allegation or evidence that the arrest warrant was not signed by Defendant.

Further, the acts alleged are entirely judicial.  The act of requiring a competency evaluation is a

judicial action.  The act of remanding Plaintiff to custody because she had no bond is a judicial

action.  The act of appointing counsel in Plaintiff's criminal case is a judicial action.  The act of

issuing an arrest warrant based on an affidavit is a judicial action.  Therefore, Defendant is

entitled to absolute immunity.

Second, this Court agrees with Judge Rushfelt that subject matter jurisdiction is lacking.

The United States District Courts are courts of limited jurisdiction, and Plaintiff bears the burden

of demonstrating subject matter jurisdiction based on either the diversity of the parties (under 28

U.S.C. § 1332) or based on a federal question presented by the claim (under 28 U.S.C. § 1331).

There is no allegation of diversity of the parties as Plaintiff and Defendant are both citizens of

the state of Kansas, so Plaintiff must allege subject matter jurisdiction based on a federal

question.  Subject matter jurisdiction based on a federal question arises from 28 U.S.C. § 1331,

which provides: "The district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States."  Under 28 U.S.C. § 1331,

"[f]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint."[16]

"The complaint must identify the statutory or constitutional provision under which the claim

arises, and allege sufficient facts to show that the case is one arising under federal law."[17]

In the Complaint, Plaintiff alleges jurisdiction based on 28 U.S.C. § 455(b), § 144, § 453,

§ 2680, the Eighth Amendment, and § 9 of the Kansas Constitution.  In her written objections,

---

[15] *See* K.S.A. § 22-2302, 2304.

[16] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir.1986).

[17] *Id.*

4

she alleges jurisdiction under 28 U.S.C. § 1983 and § 1291.[18]  Plaintiff is simply wrong on all

accounts.  This Court does not have jurisdiction under 28 U.S.C. § 1291 because this Court is not

a court of appeals and there has been no final decision of the district court.[19]  Further, this Court

does not have jurisdiction under 28 U.S.C. § 455(b), § 144, § 453, or § 2680 because as Judge

Rushfelt correctly points out, these provisions apply to *federal judges*, not state judges.  Also,

this Court does not have jurisdiction under § 9 of the Kansas Constitution because this is a state

law claim and there is no supplemental jurisdiction as there is no federal claim.  Lastly, liberally

construing Plaintiff's Complaint, there is no jurisdiction for an Eighth Amendment violation

under 42 U.S.C. § 1983.  The Eighth Amendment applies only after adjudication of guilt,[20] and

these allegations only relate to pre-conviction conduct.  Further, Plaintiff has not alleged

sufficient facts to make out a constitutional claim as will be described more fully below.  Thus,

the Eighth Amendment is not implicated, and subject matter jurisdiction does not exist on this

ground.

    While Plaintiff makes much of the fact that Defendant did not have jurisdiction to

proceed on her criminal case in state court, this does not establish jurisdiction in this matter

before this Court.  Plaintiff alleges in her objections that Defendant lacked subject matter

jurisdiction in her criminal case before him because the Affidavit for Application of the Arrest

Warrant was not signed and sworn by him.  As discussed above, Defendant had jurisdiction to

proceed with the criminal case against Plaintiff.  However, even assuming a lack of jurisdiction

---

[18] While the Court considers and rejects these grounds for jurisdiction, these grounds are not properly asserted on the face of the Complaint as required by Tenth Circuit case law.  *See id.*

[19] 28 U.S.C. § 1291 ("The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .").

[20] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Shouse v. Price*, 294 F. App'x 426, 427 (10th Cir. 2008).

in state court, the lack of subject matter jurisdiction in a state court case does not establish subject matter jurisdiction in this proceeding.

Third, Plaintiff has failed to state a claim for which relief may be granted.  While Plaintiff does not clearly make an argument to this ground in her objections beyond merely stating the relief that she seeks, the Court finds Judge Rushfelt's findings to be correct.  Plaintiff has provided nothing to indicate that Defendant is biased against her beyond her mere assertion.  As Judge Rushfelt pointed out, Plaintiff has provided exhibits with the Complaint that contradict her assertions of bias, including the dismissal of her ethics complaint against Defendant.  Attached to her objections to the Report and Recommendation, Plaintiff provided affidavits of eight people that initialed that they witnessed Defendant being "biased toward[]" Plaintiff and "retaliat[ory] against Tamika Pledger for standing up for herself."[21]  However, these are legal conclusions and not proper evidence to further her claim.  Plaintiff has not asserted a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that the December 7, 2016 Report and Recommendation (Doc. 5) shall be adopted by the Court as its own.  Plaintiff's Complaint shall be **dismissed**.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **denied** as moot.

**IT IS SO ORDERED.**

Dated: January 6, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[21] Doc. 9-1 at 42, 49, 51, 53, 56, 61, 65, 69.